NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued June 13, 2007
Decided June 26, 2007

**Before**

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. JOEL M. FLAUM, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 06-3307

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee,* <br><br> *v.* <br><br> PATRICK HROBOWSKI, <br> *Defendant-Appellant.* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. <br><br> No. 05 CR 375 <br><br> Samuel Der-Yeghiayan, <br> *Judge.* |

**O R D E R**

Patrick Hrobowski was indicted in April 2005 for being a felon in possession of a handgun, *see* 18 U.S.C. § 922(g)(1), and knowingly possessing a handgun with an obliterated serial number, *see* 18 U.S.C. § 922(k). In March 2006 a jury found him guilty on both counts. The district court subsequently denied his motions for acquittal and for a new trial, and sentenced him to 264 months' imprisonment. Hrobowski appeals, arguing that the evidence at trial was insufficient to support a conviction on either count. We affirm.

We review the following evidence admitted at trial, and all reasonable inferences that may be drawn from it, in the light most favorable to the government. *United States v. Hendrix*, 482 F.3d 962, 966 (7th Cir. 2007); *United*

*States v. Romero*, 469 F.3d 1139, 1151 (7th Cir. 2006). According to August Palmer, a heroin addict and lifelong acquaintance of Hrobowski who became a government witness, Hrobowski possessed the handgun in question on numerous occasions while he was living with Palmer in September 2004. Palmer and two of Hrobowski's relatives testified that on September 6 they drove to Hrobowski's girlfriend's house to pick him up for a party. Officer Dwayne Wheeler of the Maywood Police Department testified that he happened to be conducting undercover surveillance of the same house because it was a suspected site of drug use and sales. All the eyewitnesses agreed that Palmer went into the house and returned with Hrobowski. Officer Wheeler recognized Hrobowski and knew he was a felon; his criminal history was also stipulated to at trial.

When he emerged from the house, Hrobowski did not yet have a gun with him. But he promptly sent Palmer back inside to retrieve clothes of his that were sitting on a chair in the bedroom. According to Palmer, the clothes included a pair of jeans that had a gun sticking out of a pocket, and he immediately recognized the gun as the one Hrobowski routinely carried with him. Palmer collected the clothes with the gun and took them outside to Hrobowski. Officer Wheeler saw Palmer carrying a pair of jeans with a handgun sticking out of the pocket. All eyewitnesses agreed that Hrobowski took the jeans from Palmer, though his two relatives in the car denied seeing the gun. Hrobowski and Palmer got into the car with the others and drove away.

Officer Wheeler pursued Hrobowski. He followed the car and called for backup on the main dispatch radio channel. He and his two backup officers testified that they then switched to an alternate radio channel and Officer Wheeler informed them that they were going to conduct a felony stop involving a handgun. Palmer testified that when Hrobowski saw the officers flash their emergency lights, he handed the gun to Palmer and told him to run with it once the car stopped. Palmer refused. All three officers confirmed that when they stopped the car, they ordered everyone's hands in the air, but Hrobowski instead reached down toward the floor. When the officers removed the passengers from the car, they found the jeans and the loaded handgun on the floor where Hrobowski had been reaching. The officers arrested Hrobowski.

A firearms expert determined that all three serial numbers on the handgun had been intentionally obliterated, but he was able to recover them with the use of an acid-etching process. A special agent from the Bureau of Alcohol, Tobacco, Firearms, and Explosives determined that the handgun was manufactured in Argentina.

Hrobowski argues on appeal that his conviction was not supported by sufficient evidence. He claims that Palmer is not a credible witness because of his

continued heroin addiction, his interest in not being prosecuted in exchange for his testimony, and the inconsistencies between his trial testimony and his grand jury testimony. He adds that the testimony of the officers was inconsistent, exposed a botched investigation, and revealed that they never actually saw Hrobowski with a gun, making their testimony unworthy of admission to a jury.

Hrobowski bears a "heavy burden" to show that no rational trier of fact could find the essential elements of the crime beyond a reasonable doubt based on the evidence in the record. *Hendrix*, 482 F.3d at 966; *Romero*, 469 F.3d at 1151. When reviewing the sufficiency of the evidence, we will not second-guess a jury's credibility determinations absent exceptional circumstances: when it was physically impossible for a witness to have observed what he claims occurred or when it is impossible under the laws of nature for that occurrence to have taken place at all. *United States v. Radziszewski*, 474 F.3d 480, 485 (7th Cir. 2007).

None of the factual questions identified by Hrobowski undermine the sufficiency of the evidence against him. All his arguments are merely attacks upon the credibility of the witnesses, and none of his attacks approach the demanding standard required to reconsider their credibility. *See Radziszewski*, 474 F.3d at 485. He points out, for instance, that Officer Wheeler misidentified the color of the car carrying Hrobowski as grey instead of green, and reported a license plate number that was incorrect by one digit. He calls into question whether the officers ever saw Hrobowski with a gun, because Officer Wheeler's initial call for backup on the recorded dispatch channel did not mention a gun. Officer Wheeler supposedly informed the other officers of the gun only on an unrecorded radio channel. Moreover, a member of Hrobowski's family testified that she saw Officer Wheeler driving in his vehicle at the time he claimed to be conducting surveillance, and she disputed his account of how the pursuit began. Also, some testimony suggested that Palmer handed Hrobowski the jeans inside the car, where Officer Wheeler could not have seen Hrobowski accept the gun.

While Hrobowski may interpret the evidence to show that the prosecution's case is based on untruths, we cannot accept his speculative arguments over the jury's own credibility determinations. *See United States v. Humphreys*, 468 F.3d 1051, 1053 (7th Cir. 2006). Hrobowski had the opportunity at trial to attack the credibility of the government's witnesses, and he did so. Those attacks simply did not persuade the jury.

AFFIRMED.